IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| RONNIE BARRETT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil No. 1:07-cv-250 |
| | ) | |
| ANDRE CHREKY, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS' ANSWER

Defendants Andre Chreky ("Mr. Chreky"), Andre Chreky Salon/Andre Chreky Inc.

("Chreky Salon") and SPAC, LLC (collectively "Defendants") answer the Complaint filed by

Plaintiff Ronnie Barrett as follows:

1.  Defendants deny the allegations of wrongdoing set forth in Paragraph 1 of the

Complaint.

2.  Defendants deny the allegations of wrongdoing set forth in Paragraph 2 of the

Complaint.

3.  Defendants deny the allegations of wrongdoing set forth in Paragraph 3 of the

Complaint.

4.  Defendants admit that this Court has subject matter jurisdiction over plaintiff's

claims.

5.  Defendants admit that venue is proper in this Court.

6.  Defendants admit, upon information and belief, that Barrett is a resident of

Maryland.  Defendants admit that Barrett was employed by the Chreky Salon, and that Barrett

was supervised by Mr. Chreky, from September 2003 until December 2005; Barrett also worked

for Mr. Chreky at other times going back to 1994.  Defendants admit that Ms. Barrett was an

"employee" within the meaning of the DCHRA and DCWHA, but deny that she was "engaged in commerce" within the meaning of the Fair Labor Standards Act.  Defendants admit that Barrett was not an "exempt" employee under the Fair Labor Standards, nor was she treated as such.

7.      Defendants admit that Mr. Chreky is a citizen of Virginia who resides at 548 River Bend Road, Falls Church, Virginia 22066, and that Mr. Chreky owns Andre Chreky Inc. and SPAC, LLC.  Defendants deny the remaining allegations of Paragraph 7 of the Complaint.

8.      Defendants admit the allegations in Paragraph 8 of the Complaint.

9.      Defendants admit the allegations in Paragraph 9 of the Complaint.

10.     Defendants are without sufficient information or knowledge to admit or deny the allegations in Paragraph 10 of the Complaint.

11.     Defendants admit that Barrett worked with Mr. Chreky at Piaf's and Daniels, dating back to 1994, and that Barrett began working at the Andre Chreky Salon when it opened in 1997.  Defendants admit that Barrett started as an assistant to Mr. Chreky at the Andre Chreky Salon, and that she later became a stylist.  Defendants deny the remaining allegations of Paragraph 11 of the Complaint.  Defendants aver that Barrett resigned her employment with the Andre Chreky Salon in 1999, pursuant to a letter of resignation dated April 15, 1999.  Defendants further aver that Barrett returned to work at the Andre Chreky Salon on September 2, 2003.

12.     Defendants are without sufficient information or knowledge to admit or deny the allegations of Paragraph 12 of the Complaint.

13.     Defendants admit that Barrett returned to the Andre Chreky Salon as a stylist in September 2003.  Defendants deny the remaining allegations of Paragraph 13 of the Complaint.

14.     Defendants admit that Barrett was required to agree to and execute a written employment agreement containing a restrictive covenant in connection with her employment with the Andre Chreky Salon.  Defendants admit that the restriction imposed by the restrictive covenant was limited to six months after termination of employment and a radius of five miles from the Andre Chreky Salon.  Defendants deny the remaining allegations of Paragraph 14 of the Complaint.

15.     Defendants deny the allegations of Paragraph 15 of the Complaint.

16.     Defendants deny the allegations of Paragraph 16 of the Complaint.

17.     Defendants deny the allegations of Paragraph 17 of the Complaint.

18.     Defendants deny the allegations of Paragraph 18 of the Complaint.

19.     Defendants deny the allegations of Paragraph 19 of the Complaint.

20.     Defendants deny the allegations of Paragraph 20 of the Complaint.  Defendants aver that the Andre Chreky Salon values its rights pursuant to the agreements it enters with its employees.

21.     Defendants deny the allegations of Paragraph 21 of the Complaint.

22.     Defendants deny the allegations of Paragraph 22 of the Complaint.

23.     Defendants deny the allegations of Paragraph 23 of the Complaint.

24.     Defendants deny the allegations of Paragraph 24 of the Complaint.

25.     Defendants deny the allegations of Paragraph 25 of the Complaint.

26.     Defendants are without sufficient information or knowledge to admit or deny allegations related to Barrettt's physical condition in May 2004, including allegations related to medical treatment she received.  Defendants deny the remaining allegations of Paragraph 26 of the Complaint.

27.     Defendants are without sufficient information or knowledge to admit or deny allegations related to Barrettt's physical condition in July 2004, including allegations related to medical treatment she received.  Defendants deny the remaining allegations of Paragraph 27 of the Complaint.

28.     Defendants deny the allegations of Paragraph 28 of the Complaint.

29.     Defendants deny the allegations of Paragraph 29 of the Complaint.

30.     Defendants are without sufficient information or knowledge to admit or deny allegations related to Barrettt's physical condition in September 2004, including allegations related to medical treatment she received.  Defendants deny the remaining allegations of Paragraph 30 of the Complaint.

31.     Defendants deny the allegations of Paragraph 31 of the Complaint.

32.     Defendants are without sufficient information or knowledge to admit or deny the allegations of Paragraph 32 of the Complaint.  Defendants admit that Barrett took leave from the Andre Chreky Salon for five and one half months, in connection with the birth of a child.

33.     Defendants are without sufficient information or knowledge to admit or deny the allegations of Paragraph 33 of the Complaint related to Barrett's financial situation in May 2005. Defendants deny the remaining allegations of Paragraph 33 of the Complaint.

34.     Defendants deny the allegations of Paragraph 34 of the Complaint.

35.     Defendants deny the allegations of Paragraph 35 of the Complaint.

36.     Defendants deny the allegations of Paragraph 36 of the Complaint.

37.     Defendants deny the allegations of Paragraph 37 of the Complaint.

38.     Defendants are without sufficient information or knowledge to admit or deny the allegations of Paragraph 38 of the Complaint, other than to deny that Mr. Chreky committed any of the acts referenced therein.

39.     Defendants are without sufficient information or knowledge to admit or deny the allegations of Paragraph 39 of the Complaint, other than to admit that Barrett was asked to work while at the Andre Chreky Salon.

40.     Defendants are without sufficient information or knowledge to admit or deny the allegations of Paragraph 40 of the Complaint, other than to admit that, due to size constraints, Mr. Chreky requires employees to work or leave the Andre Chreky Salon.

41.     Defendants deny the allegations of Paragraph 41 of the Complaint.

42.     Defendants deny the allegations of Paragraph 42 of the Complaint.

43.     Defendants deny the allegations of Paragraph 43 of the Complaint.

44.     Defendants deny the allegations of Paragraph 44 of the Complaint.

45.     Defendants deny the allegations of Paragraph 45 of the Complaint.

46.     Defendants deny the allegations of Paragraph 46 of the Complaint.

47.     Defendants deny the allegations of Paragraph 47 of the Complaint.

48.     Defendants deny the allegations of Paragraph 48 of the Complaint.

49.     Defendants deny the allegations of Paragraph 49 of the Complaint.

50.     Defendants admit to receiving a letter from Barrett's attorneys dated September 15, 2006.  Defendants aver that the letter speaks for itself.  Defendants admit that Barrett filed an administrative charge under the DCHRA, which she later withdrew voluntarily.  Defendants admit that Jennifer Thong filed a lawsuit on September 22, 2006, which has been removed to this Court.  The lawsuit speaks for itself.  Defendants are without sufficient information or

knowledge to admit or deny whether Barrett amended her administrative charge prior to requesting that it be dismissed. Defendants deny the remaining allegations of Paragraph 50 of the complaint.

51.    Defendants admit that the Andre Chreky Salon was audited by the Department of Labor for compliance with the Fair Labor Standards Act, and aver that the results of the audit speak for themselves. Defendants deny the remaining allegations of Paragraph 51 of the Complaint.

52.    Defendants admit that Barrett was paid an hourly wage. Defendants deny the remaining allegations of Paragraph 52 of the Complaint.

53.    Defendants admit that Barrett was paid an hourly wage and that she was required to clock in and clock out. Defendants deny the remaining allegations of Paragraph 53 of the Complaint.

54.    Defendants deny the allegations of Paragraph 54 of the Complaint.

55.    Defendants incorporate by reference their responses to Paragraphs 1-54 of the Complaint.

56.    Defendants admit the allegations of Paragraph 56 of the Complaint.

57.    Defendants admit the allegations of Paragraph 57 of the Complaint.

58.    Defendants admit the allegations of Paragraph 58 of the Complaint.

59.    Defendants deny the allegations of Paragraph 59 of the Complaint.

60.    Defendants deny the allegations of Paragraph 60 of the Complaint.

61.    Defendants admit the allegations of Paragraph 61 of the Complaint.

62.    Defendants deny the allegations of Paragraph 62 of the Complaint.

63.    Defendants deny the allegations of Paragraph 63 of the Complaint.

64.     Defendants deny the allegations of Paragraph 64 of the Complaint.

65.     Defendants deny the allegations of Paragraph 65 of the Complaint.

66.     Defendants deny the allegations of Paragraph 66 of the Complaint.

67.     Defendants incorporate by reference their responses to Paragraphs 1-66 of the

Complaint.

68.     Defendants admit the allegations of Paragraph 68 of the Complaint.

69.     Defendants deny the allegations of Paragraph 69 of the Complaint.

70.     Defendants deny the allegations of Paragraph 70 of the Complaint.

71.     Defendants deny the allegations of Paragraph 71 of the Complaint.

72.     Defendants deny the allegations of Paragraph 72 of the Complaint.

73.     Defendants deny the allegations of Paragraph 73 of the Complaint.

74.     Defendants deny the allegations of Paragraph 74 of the Complaint.

75.     Defendants deny the allegations of Paragraph 75 of the Complaint.

76.     Defendants incorporate by reference their responses to Paragraphs 1-75 of the

Complaint.

77.     Defendants aver that the FLSA speaks for itself and therefore deny the allegations

of Paragraph 77 of the Complaint.

78.     Defendants deny the allegations of Paragraph 78 of the Complaint.

79.     Defendants aver that the FLSA speaks for itself and therefore deny the allegations

of Paragraph 79 of the Complaint.

80.     Defendants deny the allegations of Paragraph 80 of the Complaint.

81.     Defendants admit that the Andre Chreky Salon was audited by the Department of

Labor for compliance with the Fair Labor Standards Act, and aver that the results of the audit

speak for themselves.  Defendants deny the remaining allegations of Paragraph 81 of the Complaint.

82.     Defendants deny the allegations of Paragraph 82 of the Complaint.

83.     Defendants incorporate by reference their responses to Paragraphs 1-82 of the Complaint.

84.     Defendants aver that the DCWHA speaks for itself, and therefore deny the allegations of Paragraph 84 of the Complaint.

85.     Defendants deny the allegations of Paragraph 85 of the Complaint.

86.     Defendants aver that the DCWHA speaks for itself, and therefore deny the allegations of Paragraph 84 of the Complaint.

87.     Defendants deny the allegations of Paragraph 87 of the Complaint.

88.     Defendants deny the allegations of Paragraph 88 of the Complaint.

89.     Defendants incorporate by reference their responses to Paragraphs 1-88 of the Complaint.

90.     Defendants deny the allegations of Paragraph 90 of the Complaint.

91.     Defendants admit the allegations of Paragraph 91 of the Complaint.

92.     Defendants admit the allegations of Paragraph 92 of the Complaint.

93.     Defendants deny the allegations of Paragraph 93 of the Complaint.

94.     Defendants deny the allegations of Paragraph 94 of the Complaint.

95.     Defendants incorporate by reference their responses to Paragraphs 1-94 of the Complaint.

96.     Defendants deny the allegations of Paragraph 96 of the Complaint.

97.     Defendants deny the allegations of Paragraph 97 of the Complaint.

98.    Defendants deny the allegations of Paragraph 98 of the Complaint.

99.    Defendants incorporate by reference their responses to Paragraphs 1-98 of the Complaint.

100.    To the extent Paragraph 100 states legal conclusions to which no response is required, Defendants deny such allegations.  Defendants deny the remaining allegations of Paragraph 100 of the Complaint.

101.    To the extent Paragraph 101 states legal conclusions to which no response is required, Defendants deny such allegations.  Defendants deny the remaining allegations of Paragraph 101 of the Complaint.

102.    Defendants deny the allegations of Paragraph 102 of the Complaint.

103.    Defendants incorporate by reference their responses to Paragraphs 1-102 of the Complaint.

104.    Defendants assert that Paragraph 104 of the Complaint sets forth a legal conclusion to which no response is required.

105.    Defendants admit the allegations of Paragraph 105 of the Complaint.

106.    Defendants assert that Paragraph 105 of the Complaint sets forth a legal conclusion to which no response is requires.

107.    Defendants deny the allegations of Paragraph 107 of the Complaint.

108.    Defendants deny the allegations of Paragraph 108 of the Complaint.

109.    Defendants deny the allegations of Paragraph 109 of the Complaint.

110.    Defendants incorporate by reference their responses to Paragraphs 1-109 of the Complaint.

111.    Defendants deny the allegations of Paragraph 111 of the Complaint.

112.    Defendants deny the allegations of Paragraph 112 of the Complaint.

113.    Defendants deny the allegations of Paragraph 113 of the Complaint.

114.    Defendants deny the allegations of Paragraph 114 of the Complaint.

FURTHER ANSWERING THE COMPLAINT, Defendants deny that Plaintiff is entitled to the relief requested in Paragraphs 1-12 of the section captioned "Requested Relief", to any part of such relief, or to any relief whatsoever as against Defendants.

FURTHER ANSWERING THE COMPLAINT, Defendants deny any factual allegation made in the Complaint which has not been admitted with specificity above.

FURTHER ANSWERING THE COMPLAINT, Defendants interpose the following defenses:

1.    The Complaint fails to state a claim upon which relief may be granted.

2.    Many or all of the claims alleged in the Complaint are barred by the applicable statute of limitations.

3.    Any claim for equitable or discretionary relief is barred by the doctrine of unclean hands.

3(a)    Plaintiff Barrett intentionally, willfully, and unlawfully under-reported her tip income for tax purposes, despite being counseled on repeated occasions not to engage in such tax fraud.  This course of action by Barrett constituted numerous separate violations of federal law with respect to her compensation and tax obligations.

3(b)    After termination of her employment, Plaintiff Barrett intentionally breached a limited and enforceable six-month, five-mile covenant not to compete.

4.    On information and belief, and subject to further investigation, inquiry, and discovery as provided for in Fed. R. Civ. P. 11(b)(3), plaintiff has failed to mitigate her damages.

10

5.    Any discrimination or harassment alleged to have been suffered by Barrett, such discrimination being denied, was contrary to her employer's policy, and any claim for punitive damages is barred by the doctrine of *Kolstadt v. American Dental Association.*

6.    No retaliatory action alleged to have been suffered by Barrett, such retaliation being denied, was of sufficient type and quality to deter a reasonable employee from protected activity, and any claim for retaliation is barred under the doctrine of *Burlington Northern Railroad v. White.*

7.    Discriminatory conduct or harassment based on sex is flatly prohibited by Barrett's former employer's policy, and Barrett unreasonably failed to take advantage of preventive or corrective opportunities provided.  Any claim for discriminatory treatment, harassment, or constructive discharge is barred under the doctrine enunciated in *Faragher v. City of Boca Raton* and *Ellerth v. Burlington Northern Railroad.*

WHEREFORE, said premises being considered, defendants respectfully request that plaintiff take nothing, that the Complaint be dismissed and judgment entered in their favor and against plaintiff, and that defendants be awarded their costs and expenses incurred in this matter, including a reasonable attorney's fee.

February 26, 2007                                                    Respectfully submitted,


                                                    _____/s/_____
                                                    John M. Bredehoft
                                                    D.C. Bar No. 375606
                                                    KAUFMAN & CANOLES, P.C.
                                                    150 West Main Street, Suite 2100
                                                    Norfolk, Virginia 23510
                                                    757-624-3225 (direct voice line)
                                                    757-624-3169 (facsimile)
                                                    jmbredehoft@kaufcan.com

                                                    Counsel for all defendants

::ODMA\PCDOCS\DOCSNFK\1187344\2