**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| RONNIE BARRETT, | ) |
|  | ) |
| Plaintiff, | ) |
|  | ) |
| v. | ) C.A. No. 07-CV-0250 (RCL) |
|  | ) |
| ANDRE CHREKY, | ) |
| ANDRE CHREKY SALON/ANDRE CHREKY INC., | ) |
| SPAC, LLC, | ) |
|  | ) |
| Defendants. | ) |

**PLAINTIFF RONNIE BARRETT'S OPPOSITION TO DEFENDANTS'**
**MOTION TO QUASH SUBPOENA TO DEFENDANTS' PAYROLL SERVICE**

Plaintiff Ronnie Barrett ("Plaintiff"), through undersigned counsel, hereby submits her Opposition to Defendants' Motion to Quash Subpoena. The third-party subpoena in question was served upon ADP, Inc. (hereinafter "ADP") on April 9, 2007 and sought payroll records in ADP's possession for Defendant Andre Chreky Inc. In their Motion, Defendants do not object to Plaintiff seeking the payroll records in question, but rather object only to the time frame of the records sought. Defendants have utilized ADP's payroll services since the Andre Chreky Salon opened. Plaintiff's subpoena to ADP sought the following four categories of documents:

1)   All earnings statements and all related and supporting payroll data pertaining to the employment of Ronnie R. Barrett aka Ronnie R. Lay (SSN 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) by the Andre Chreky Salon and Spa, Andre Chreky, Inc., or SPAC, LLC;

2)   Any and all documents including but not limited to all documents of whatever nature and in whatever medium supplied to you by the Andre Chreky Salon and Spa, or on its behalf, Andre Chreky, Inc., or on its behalf, or SPAC, LLC, or on its behalf, that otherwise constitute or pertain to communications regarding Ms. Barrett or her employment;

    3)    All earnings statements and all related and supporting payroll data pertaining to the employment of any other individual employed by the Andre Chreky Salon and Spa, Andre Chreky, Inc., or SPAC, LLC from September 1, 2003 to present;

    4)    All earnings statements and all related and supporting payroll data pertaining to payments made by the Andre Chreky Salon and Spa, Andre Chreky, Inc., or SPAC, LLC from September 1, 2003 to present.

See Subpoena to ADP attached to Defendants' Motion to Quash.

As discussed herein, Defendants' Motion should be denied because Defendants do not have standing to move to quash a subpoena issued to a third party; because the documents sought by the subpoena are directly relevant to Plaintiff's Fair Labor Standards Act ("FLSA"), District of Columbia Wage and Hour Act ("DCWHA"), and retaliation claims; and because production of the payroll records requested in the subpoena would impose no burden on Defendants. Defendants should not be permitted to obstruct Plaintiff's legitimate discovery requests, and their motion to quash should be denied.

## I.    ARGUMENT

###     A.    **Defendants Lack Standing to Bring A Motion to Quash.**

A motion to quash should generally be made by the person from whom the documents or things are requested. See Fed. R. Civ. P. 45(c). A party generally lacks standing to challenge a subpoena issued to a third party absent a claim of privilege, proprietary interest, or personal interest in the subject matter. See e.g., Washington v. Thurgood Marshall Acad., 230 F.R.D. 18, 21 (D.D.C. 2005).. Here, Defendants have failed to articulate properly their grounds for moving to quash the third party subpoena in question. Therefore, the motion should be denied.

###     B.    **Plaintiff's Subpoena Is Reasonably Calculated to Lead to the Discovery of Admissible Evidence.**

Defendants first object to Plaintiff's subpoena to ADC on the ground of relevancy. Rule

26(b)(1) of the Federal Rules of Civil Procedure provides that "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party. . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Id.  This standard of discovery is very broad.  See, e.g., Smith v. Schlesinger, 513 F. 2d 462, 472-473 (D.C. Cir. 1975); Tequila Centinela S.A. de C.V. v. Bacardi & Co. Ltd, 2007 WL 1028785, at *4 (D.D.C. Mar. 29, 2007) (citing Chubb v. Integrated Sys. Ltd. v. National Bank of Washington, 103 F.R.D. 52, 59 (D.D.C. 1984)).  As the court in Tequila aptly noted, the Federal Rules make clear that "[a] variety of types of information not directly pertinent to the incident in suit could be relevant to the claims or defenses raised in a given action." 2007 WL 1028785, at *4 (citing Fed. R. Civ. P. 26 Advisory Committee Notes 2000 Amendment).

In the instant case, the relevance of the requested documents is self-evident.  First and foremost, Plaintiff has sought the payroll documents relating to Plaintiff in order to demonstrate the time periods she was not paid overtime and the amounts of overtime she was not paid. Therefore, these payroll records are directly relevant to Plaintiff's claims under the FLSA and the DCWHA.  See Complaint for Declaratory and Monetary Relief, Counts Three and Four ¶¶ 76-94.

Plaintiff's payroll records are also directly relevant to and reasonably calculated to lead to admissible evidence related to Plaintiff's claim of unlawful retaliation.  See Complaint for Declaratory and Monetary Relief, Count Two ¶ 70.  Plaintiff's request for payroll records for the entire period of her employment is reasonably calculated to lead to admissible evidence pertaining to Defendants' pattern of retaliation against her, which began as soon as she began to resist his sexual advances, and cover the entire period of her employment.  Plaintiff alleges in her

Complaint that in retaliation for her refusal to submit to his sexual advances, Defendant Andre Chreky refused to give her promised raises, changed her schedule to depress her income and otherwise interfered with her compensation. Complaint at ¶¶ 17, 18, 31, 37. The payroll records will demonstrate aberrations in Plaintiff's compensation that can be directly correlated to her allegations of retaliation.

### C. Plaintiff's Subpoena Is Narrowly Tailored to Lead to the Discovery of Admissible Evidence and is Not Unduly Broad.

Plaintiff's Complaint was filed on February 1, 2007. Defendant concedes that the FLSA permits a plaintiff to seek damages for up to three years before the filing of her Complaint. Defendants Motion to Quash, at 1. There is no dispute, therefore, that Plaintiff is entitled to her payroll records from the period February 1, 2004 forward, all of which Defendant concedes falls squarely within the actionable period of Plaintiff's Fair Labor Standards Act claim. Therefore, the only issue presented by Defendants' Motion to Quash is Plaintiff's payroll records from the period September 1, 2003 to February 1, 2004, which have been requested by the subpoena. As discussed below, the documents from this time-period are directly relevant to Plaintiff's claims and are therefore discoverable.

First, payroll records from this time-period go directly to the "willfulness" of the claimed overtime violations, a key issue under the FLSA's damages structure. Defendants' Salon was investigated and cited by the Department of Labor for overtime violations in 2003. See Complaint at ¶ 51. The documents sought by Plaintiff regarding the 2003 time period will demonstrate that, despite notice and prior citation, Defendants continued to knowingly violate federal and local overtime laws with respect to Plaintiff's pay. In short, these documents will demonstrate that Mr. Chreky and the Andre Chreky Salon were well aware of the obligation to

4

pay overtime to stylists, and that the decision not to pay Ms. Barrett's overtime was therefore "willful" in further violation of the FLSA, and as alleged in Count Three Plaintiff's Complaint. Complaint at ¶¶ 76-94.

The documents sought from 2003 are also relevant to Plaintiff's retaliation claims under the District of Columbia Human Rights Act, D.C. Code § 1401.01 et seq., as they pertain to acts of retaliation taken against her during that time period. Plaintiff alleges that Defendants retaliated against her in violation of the DCHRA by employing a variety of mechanisms to depress he compensation. Plaintiff's payroll record will show the economic consequences of such retaliation. While Defendants' retaliatory conduct from late 2003 is no longer directly actionable, it is still relevant and admissible as evidence of prior acts of discrimination or retaliation, which can be used to prove motive or intent. Both the Supreme Court and the District of Columbia courts have repeatedly held that this information is relevant and admissible, even if outside of the actionable time period. National R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 119 (2002); accord Allen v. Perry, 279 F. Supp. 2d 36, 46 (D.D.C. 2003) (citing Morgan v. Federal Home Loan Mortgage Corp., 197 F.R.D. 12, 16 (D.D.C. 2000)); see also Haynes v. Shoney's, Inc., 59 FEP Cases 163, 166 (N.D. Fla. 1991) (plaintiffs "are entitled to discovery sufficiently early to demonstrate a pattern and practice" and allowing discovery extending back ten years); Jackson v. Harvard Univ., 111 F.R.D. 472, 475 (D. Mass. 1986) (broadening scope of discovery for "elucidating past practices or identifying a pattern" of discrimination, allowing discovery extending 10 years prior to plaintiff's termination); Planells v. Howard Univ., 30 FEP Cases 1691, 1692 (D.D.C. 1983) (holding that employment discrimination plaintiffs "are permitted a very broad scope of discovery.").

     **D.**    **There is No Burden on Defendants to Produce the Documents in Question.**

The documents sought in the subpoena are reasonably calculated to lead to the discovery of admissible evidence. The parties agree that Plaintiff is entitled to the documents covering the three year statutory recovery period under the FLSA for willful violations, from February 1, 2004 to Plaintiff's date of termination, December 6, 2005. Therefore, the only dispute pertains to documents from her date of employment beginning in September 2003 and documents following her termination date, to present. The records will establish the extent of Plaintiff's damages with respect to unpaid overtime and go directly to the question of Defendants' violations of the FLSA and the DCWHA were willful and whether Defendants retaliated against Plaintiff by denying her compensation.

Defendants also object to Plaintiff's subpoena on the grounds that the subpoena is overly broad and unduly burdensome. This argument is without merit. Far from being overbroad, the documents requested through the subpoena actually encompass a very limited and clearly delineated group of documents. Additionally, they cover a limited period, from September 1, 2003 to the present, addressing only the time period from the beginning of Plaintiff's employment to present. Nor is Plaintiff's subpoena unreasonably burdensome. The burden of proving that a subpoena is oppressive or unreasonable rests upon the party moving to quash or modify. See Linder v. Department of Defense, 133 F.3d 17, 24 (D.C. Cir. 1998) (quoting Northrop Corp. v. McDonnell Douglas Corp., 751 F.2d 395, 403 (D.C. Cir. 1984)). "Mere assertions that compliance would be burdensome are insufficient to satisfy such a burden." Rimstat, Ltd. v. Hilliard, 207 B.R. 964, 969 (D.D.C. 1997) (citing 9A Wright & Miller, Federal Practice and Procedure § 2459 (2d ed. 1995)). Defendants have not come close to meeting this

burden. Defendants do not specify in their motion what exactly is burdensome or overbroad about Plaintiff's subpoena. Indeed, Defendants themselves have not been burdened at all by the subpoena which seeks information and documentation from <u>a third party</u>. Clearly, as parties to the case who have not been served with the subpoena in question, they are not entitled to raise burdensomeness objections on behalf of an unaffiliated party (ADP itself has raised no such objections to the subpoena). Nevertheless, because the production of documents in question would impose <u>no burden</u> on either Defendants, the objection is meritless. Further, Defendants do not specify whether they are seeking protection under Federal Rule of Civil Procedure 26(b) or 45.

As the Circuit Court of Appeals recently reiterated in <u>Watts v. S.E.C.</u>, 2007 WL 935898 (D.C. Cir. Mar. 30, 2007), in refusing to quash a subpoena *duces tecum*, such a motion

> requires district courts in '[a]ll discovery' to consider a number of factors potentially relevant to the question of undue burden, including: whether the discovery is 'unreasonably cumulative or duplicative'; whether the discovery sought is 'obtainable from some other source that is more convenient, less burdensome, or less expensive'; and whether 'the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

<u>Id.</u> at *7. In the present matter, all of these factors militate in favor of requiring ADP to comply with the subpoena. Defendants have made no argument, nor can they, that the discovery sought is cumulative, duplicative, or obtainable from any other source.

More importantly, the expense of the proposed discovery will be borne completely by Plaintiff. By letter dated April 12, 2007 from Tom Gamarello (Senior Legal Assistant for ADP) to Ari M. Wilkenfeld (undersigned counsel for Plaintiff), ADP advised Plaintiff of the expenses

associated with producing the records in question. The "undue burden" standard contained in Federal Rule of Civil Procedure "requires district courts supervising discovery to be generally sensitive to the costs imposed on third parties." Watts, 2007 WL 935898, at *7. See also Fed. R. Civ. Pro. 45(c)(2)(B) (any court order to compel compliance with document subpoena "shall protect any person who is not a party or an officer of a party from significant expense" of compliance).

Plaintiff is prepared to cover all the expenses identified in the April 12, 2007 letter. Consequently there is no basis for Defendants' objection that compliance with the subpoena would impose any expense, much less an "undue burden," on either Defendants or ADP.

## CONCLUSION

For the foregoing reasons, Defendants have not met their burden to demonstrate that Plaintiff's legitimate discovery request should be blocked. Accordingly, Defendant Andre Chreky Salon's Motion to Quash Subpoena [to ADP] should be denied.

_____/s/\_ Ari M. Wilkenfeld
Debra S. Katz (Bar No. 411861)
Ari M. Wilkenfeld (Bar. No. 461063)

Katz, Marshall & Banks, LLP
1718 Connecticut Avenue, N.W.
Sixth Floor
Washington, D.C. 20009
(202) 299-1140
(202) 299-1148 (fax)

Attorneys for Plaintiff Ronnie Barrett

Dated: May 7, 2007

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **RONNIE BARRETT,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 07-CV-0250 (RCL) |
| | ) |
| **ANDRE CHREKY,** | ) |
| **ANDRE CHREKY SALON/ANDRE CHREKY INC.,** | ) |
| **SPAC, LLC.** | ) |
| | ) |
| Defendants. | ) |
| | ) |

**[PROPOSED] ORDER**

UPON CONSIDERATION Defendant Andre Chreky Salon's Motion to Quash Subpoena, Plaintiff's Opposition, any Reply thereto, and the entire record in this case, it is this _____ day of _____, 2007, hereby:

**ORDERED** Defendant Andre Chreky Salon's Motion to Quash Subpoena shall be and hereby is **DENIED**, and it is further

**ORDERED** that ADP will comply with Subpoena and provide Plaintiff with the requested documents.

_____
Hon. Royce C. Lamberth
United States District Judge

Notice To:

Debra S. Katz
Ari M. Wilkenfeld
Justine F. Andronici
Katz, Marshall & Banks, LLP
1718 Connecticut Avenue, N.W.
Floor 6
Washington, D.C. 20009
(202) 299-1140
(202) 299-1148 (fax)

Attorneys for Plaintiff Ronnie Barrett


John M. Bredehoft
David J. Sullivan
Kaufman & Canoles, P.C.
150 West Main Street
Post Office Box 3037
Norfolk, Virginia 23514-3037
(757) 624-3225
(757) 624-3169 (fax)

Attorneys for all Defendants