# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **RONNIE BARRETT,** | )<br>)<br>) |
|         **Plaintiff,** | )<br>) |
|         v. | )    C.A. No. 07-CV-0250 (RCL)<br>) |
| **ANDRE CHREKY,**<br>**ANDRE CHREKY SALON/ANDRE CHREKY INC.,**<br>**SPAC, LLC,** | )<br>)<br>)<br>) |
|         **Defendants.** | )<br>)<br>) |

### PLAINTIFF RONNIE BARRETT'S OPPOSITION TO DEFENDANTS' MOTION TO QUASH SUBPOENA TO DEFENDANTS' BANK

      Plaintiff Ronnie Barrett ("Plaintiff"), through undersigned counsel, hereby submits her Opposition to Defendants' Motion to Quash Subpoena. The third-party subpoena in question was served upon Adams National Bank (hereinafter "Adams Bank") on April 9, 2007, and sought records in the possession of Adams Bank regarding Defendants Andre Chreky, Andre Chreky Salon, Andre Chreky, Inc., and/or SPAC, LLC (hereinafter "Defendants"). In their Motion to Quash Plaintiff's Subpoena, Defendants object to the entirety of Plaintiff's requests, claiming that the information Plaintiff seeks is "overly broad" and "not calculated to lead to the discovery of admissible evidence." As discussed in further detail below, Plaintiff's request for bank records is reasonably calculated to lead to the discovery of admissible evidence regarding critical damages issues in this case, and Plaintiff's subpoena is neither overbroad nor would it impose any burden on Defendants. Plaintiff anticipates that the records will establish the financial condition of and relationship between Defendants Andre Chreky Inc. and SPAC LLC, and will be critical to assessing damages in this case.

Upon information and belief, the Andre Chreky Salon has utilized Adams Bank's services since the Andre Chreky Hair Salon opened. Plaintiff's subpoena to Adams Bank sought the following two categories of documents:

> 1) All documents of whatever nature and in whatever medium that reflect transfers of funds between accounts held in the name of Andre Chreky; Andre Chreky Salon, Andre Chreky, Inc.; and/or SPAC, LLC for the period from September 1, 2003 to date;
>
> 2) All bank statements of accounts held in the name of Andre Chreky; Andre Chreky Salon, Andre Chreky, Inc.; and/or SPAC, LLC for the period from September 1, 2003 to date.

See Subpoena to Adman's Bank attached to Defendants' Motion to Quash.

I.  ARGUMENT

   A.  **Plaintiff's Subpoena Is Reasonably Calculated to Lead to the Discovery of Admissible Evidence.**

Defendants have objected to Plaintiff's subpoena on the ground of relevancy. Rule 26(b)(1) of the Federal Rules of Civil Procedure provides that "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party. . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Id. This standard of discovery is very broad. See, e.g., Smith v. Schlesinger, 513 F. 2d 462, 472-73 (D.C. Cir. 1975) Tequila Centinela S.A. de C.V. v. Bacardi & Co. Ltd., 2007 WL 1028785, at *4 (D.D.C. Mar. 29, 2007) (citing Chubb v. Integrated Sys. Ltd. v. National Bank of Washington, 103 F.R.D. 52, 59 (D.D.C. 1984)). As the court in Tequila aptly noted, the Federal Rules make clear that "[a] variety of types of information not directly pertinent to the incident in suit could be relevant to the claims or defenses raised in a given action." 2007 WL 1028785, at *4 (citing Fed. R. Civ. P.

26 Advisory Committee Notes 2000 Amendment).

In this case, documents related to the financial position of Defendants are not only reasonably calculated to lead to the discovery of admissible evidence, but are directly relevant to the question of damages in this case and to the ability of each Defendant to satisfy a judgment against it. In fact, evidence regarding a defendant's net worth is not only relevant, but highly important to the jury's correct calculation of punitive damages, one of the types of damages at issue in this case. Of the nine counts in Plaintiff's Complaint, eight permit the Plaintiff to seek punitive damages. The Supreme Court has acknowledged that information regarding "the 'financial position' of the defendant" is appropriate for a jury's fair consideration of punitive damages, so that the goals of deterrence and punishment can be achieved. See Pacific Mut. Life Ins. Co. v. Haslip, 499 U.S. 1, 22 (1991); see also Faison v. Nationwide Mortgage Corp., 839 F.2d 680, 691 (D.C. Cir. 1987) ("When punitive damages are to be awarded, the jury's knowledge of the financial capabilities of the defendants is important to the administration of justice."); accord TXO Prod. Corp. v. Alliance Res. Corp., 509 U.S. 443, 462 n.28 (1993); Jones v. Abraham-Zanganeh, 1987 WL 25425, at *2 (D.D.C. Nov. 19, 1987) (court permitted discovery regarding defendant's net worth, ruling that "[i]f the jury should find for the plaintiffs, then it is likely that the issue of punitive damages would also be considered; thus, the defendant's net worth is relevant.").

This information regarding the financial condition of Defendants is particularly relevant in this case, where Defendants have freely shifted money back and forth between themselves. Through discovery, Plaintiff has learned that Defendants Andre Chreky, Inc., and SPAC, LLC have in the past freely exchanged funds for the rent of the Salon property amounting to at least

$100,000 per year, without a lease instrument. Apparently, Defendants are willing to exchange significant sums of money freely without formalities. It is especially important for the Plaintiff to determine whether other fund transfers between these closely associated parties have occurred in order to obtain the evidence necessary to properly present the jury with information concerning the net worth of the Defendants in the event of a favorable verdict. Because of the possibility that Defendants could shift funds between themselves in order to hide those funds, the information sought in Plaintiff's subpoena to Adams Bank is also directly relevant to the ability of Defendants to satisfy a potential judgment in this case.

Plaintiff must conduct discovery about her potential damages at this time. There has been no ruling by the Court to split the liability and damages phases of this case and, as such, the Defendants may not withhold documents directly pertaining to damages issues.

**B.    The Production of Documents in Question is Not Overly Broad and Imposes No Burden on Defendants.**

Defendants also object to Plaintiff's subpoena on the grounds that the subpoena is overly broad and unduly burdensome. This argument is without merit. Far from being overbroad, the documents requested through the subpoena actually encompass a very limited and clearly delineated group of documents. Additionally, they cover a limited period, from September 1, 2003, to the present, addressing only the time period from the beginning of Plaintiff's employment to present. The bank records which Plaintiff seeks through her subpoena are specifically targeted to obtain information about the financial condition of Defendants and the financial transactions among Defendants which are directly relevant to damages issues in this case, and which are reasonably calculated to lead to the discovery of admissible evidence on this subject. In fact, given the close association among the parties in this case, in order for Plaintiff

to gain an accurate picture of the financial status of the respective defendants, such information is critical.

Nor is Plaintiff's subpoena unreasonably burdensome. The burden of proving that a subpoena is oppressive or unreasonable rests upon the party moving to quash or modify. See Linder v. Department of Defense, 133 F.3d 17, 24 (D.C. Cir. 1998) (quoting Northrop Corp. v. McDonnell Douglas Corp., 751 F.2d 395, 403 (D.C. Cir. 1984)). "Mere assertions that compliance would be burdensome are insufficient to satisfy such a burden." Rimstat, Ltd. v. Hilliard, 207 B.R. 964, 969 (D.D.C. 1997) (citing 9A Wright & Miller, Federal Practice and Procedure § 2459 (2d ed. 1995)). Defendants have not come close to meeting this burden. Defendants do not specify in their motion what is either so burdensome or overbroad about Plaintiff's subpoena. Indeed, it is unclear whether the burden Defendants complain of would be imposed on themselves or on Adams Bank. Further, Defendants do not specify whether they are seeking protection under Federal Rule of Civil Procedure 26(b) or 45.

As the D.C. Circuit recently reiterated in Watts v. S.E.C., 2007 WL 935898 (D.C. Cir. Mar. 30, 2007), in refusing to quash a subpoena *duces tecum*, such a motion

> requires district courts in '[a]ll discovery' to consider a number of factors potentially relevant to the question of undue burden, including: whether the discovery is 'unreasonably cumulative or duplicative'; whether the discovery sought is 'obtainable from some other source that is more convenient, less burdensome, or less expensive'; and whether 'the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

Id. at *7. In the present matter, all of these factors militate in favor of requiring Adams Bank to comply with the subpoena. Defendants have made no argument, nor can they, that the discovery

sought is cumulative, duplicative, or obtainable from any other source.

## II.   CONCLUSION

For the foregoing reasons, Defendants have not met their burden to demonstrate that Plaintiff's legitimate discovery request should be blocked. Accordingly, Defendant Andre Chreky Salon's Motion to Quash Subpoena [to Adams Bank] should be denied.

Respectfully submitted,


         /s/ Ari Wilkenfeld
Debra S. Katz (Bar No. 411861)
Ari M. Wilkenfeld (Bar. No. 461063)
Katz, Marshall & Banks, LLP
1718 Connecticut Avenue, N.W.
Sixth Floor
Washington, D.C. 20009
(202) 299-1140
(202) 299-1148 (fax)

Attorneys for Plaintiff Ronnie Barrett

Dated: May 7, 2007

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| **RONNIE BARRETT,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) C.A. No. 07-CV-0250 (RCL) |
| | ) |
| **ANDRE CHREKY,** | ) |
| **ANDRE CHREKY SALON/ANDRE CHREKY INC.,** | ) |
| **SPAC, LLC.** | ) |
| | ) |
| **Defendants.** | ) |
| | ) |

**[PROPOSED] ORDER**

UPON CONSIDERATION Defendant Andre Chreky Salon's Motion to Quash Subpoena, Plaintiff's Opposition, any Reply thereto, and the entire record in this case, it is this _____ day of _____, 2007, hereby:

**ORDERED** Defendant Andre Chreky Salon's Motion to Quash Subpoena shall be and hereby is **DENIED**, and it is further

**ORDERED** that Adams Bank will comply with Subpoena and provide Plaintiff with the requested documents.

_____
Hon. Royce C. Lamberth
United States District Judge

Notice To:

Debra S. Katz
Ari M. Wilkenfeld
Justine F. Andronici
Katz, Marshall & Banks, LLP
1718 Connecticut Avenue, N.W.
Floor 6
Washington, D.C. 20009
(202) 299-1140
(202) 299-1148 (fax)

Attorneys for Plaintiff Ronnie Barrett


John M. Bredehoft
David J. Sullivan
Kaufman & Canoles, P.C.
150 West Main Street
Post Office Box 3037
Norfolk, Virginia 23514-3037
(757) 624-3225
(757) 624-3169 (fax)

Attorneys for all Defendants