UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                        )
RONNIE BARRETT,                         )
                                        )
        Plaintiff,                      )
                                        )
        v.                              )        Civil Action No. 1:07CV00250 (RCL/AK)
                                        )
ANDRE CHREKY, *et al.,*                 )
                                        )
        Defendants.                     )
_____        )

## MEMORANDUM ORDER

Pending before this Court are Defendant Andre Chreky Salon's amended motion to quash

the subpoena to third party ADP, Inc.[1]  ("ADP Motion") [13], and Plaintiff's opposition thereto

("ADP Opposition") [15], as well as Defendant Andre Chreky Salon's motion to quash the

subpoena to third party The Adams National Bank ("Bank Motion") [14], and the Plaintiff's

opposition thereto ("Bank Opposition") [16].  Defendant did not file replies to either the ADP

Opposition or the Bank Opposition.  Defendant requests that this Court quash the subpoenas

*duces tecum* issued by Plaintiff to ADP, Inc. ("ADP") and The Adams National Bank ("Bank").

Upon consideration of the record and memoranda submitted by the parties, for the reasons set

forth below, the ADP Motion is **DENIED** and the Bank Motion is **GRANTED**.

## I. BACKGROUND

Plaintiff Ronnie Barrett filed a complaint on February 1, 2007 alleging, *inter alia*, that

_____

[1]Defendant did not withdraw the original Motion to Quash Subpoena [11], however the Court finds the filing of the Amended Motion renders this Motion moot.

defendants Andre Chreky and Andre Chreky Salon/Andre Chreky Inc. (collectively

"Defendants") violated the District of Columbia Human Rights Act ("DCHRA"), the Fair Labor

Standards Act ("FLSA"), and the District of Columbia Wage and Hour Act ("DCWHA").[2]

Specifically, Plaintiff, a former employee of Andre Chreky Inc., alleges that Mr. Chreky sexually

harassed her and then retaliated against her after she resisted his advances.  (Compl. ¶ 1.)

Plaintiff also alleges that Defendants willfully failed to pay her overtime wages when she worked

over 40 hours in a week.  (*Id*. ¶ 2.)  Plaintiff seeks declaratory relief, compensatory damages and

punitive damages.  (*Id*. at 26-27).

In the course of discovery Plaintiff served a subpoena on ADP[3] ("ADP Subpoena")

requesting earning statements, payroll data and other documents relating to Plaintiff's

employment by Defendants.  (*See* ADP Subpoena, Attach. A.)   The ADP Subpoena also seeks

earning statements and payroll data relating to Defendants' employment of other individuals, and

payments made "to any individual."  (*See id*.)  Plaintiff also served a subpoena on The Adams

National Bank ("Bank Subpoena") requesting all documents regarding the transfer of funds

between accounts held in the name of any of the Defendants, as well as all bank statements of

accounts held in the name of any of the Defendants.  (*See* Bank Subpoena, Attach. A.)   In

response to these subpoenas, Defendants filed the instant motions to quash.

## II. Legal Standard

Pursuant to Rule 26(b)(1), Fed. R. Civ. P., "[p]arties may obtain discovery regarding any

---

[2]SPAC, Inc. is also a defendant in this case, but is only accused of negligence and not of violating the DCRHA, FLSA or DCWHA.

[3]ADP, Inc. is a payroll processing company.

matter, not privileged, that is relevant to the claim or defense of any party . . . ."[4] A discovery

request is permissible if the information sought is "reasonably calculated to lead to the discovery

of admissible evidence." *Id.* Additionally, Rule 26(b)(2)(c) provides in pertinent part that a

district court may limit discovery if it determines that the discovery sought is obtainable from

some other source that is more convenient, less burdensome, or less expensive; or the burden or

expense of the proposed discovery outweighs its likely benefit. If there is an objection based on

undue burden, the objecting party must make a specific, detailed showing of how the discovery

request is burdensome. *See Ellsworth Assocs., Inc. v. United States*, 917 F. Supp. 841, 844

(D.D.C. 1996).

Rule 45, Fed. R. Civ. P., permits a party to issue a subpoena "command[ing] each person

to whom it is directed to attend and give testimony or to produce and permit inspection and

copying of designated books, documents, or tangible things in the possession, custody or control

of tha person[.]" Fed. R. Civ. P. 45(a)(1)(c). Pursuant to Rule 45(c)(1), "[a] party or an attorney

responsible for the issuance and service of the subpoena shall take reasonable steps to avoid

imposing undue burden or expense on a person subject to that subpoena." A court may quash or

modify a subpoena if, *inter alia*, it "subjects a person to undue burden." Fed. R. Civ. P.

45(c)(3)(A).[5]

### III. Analysis

### A. Motion to Quash Subpoena of ADP

---

[4]"Federal Rule 26 sets forth the standard by which a court determines the relevance of the information
sought by a subpoena issued under Rule 45." *Griffith v. U.S.*, 2007 WL 1222586, *2 (S.D.N.Y. 2007).

[5]Because they constitute an integrated mechanism, Rule 45 must be read *in pari materia* with the rest of the
discovery rules. Wright & Miller § 2452.

The Court will first address Plaintiff's contention that Defendants lack standing to bring

the ADP Motion.  (ADP Opp'n at 2.)  A motion to quash should generally be made by the person

from whom the documents or things are requested.  9A CHARLES ALAN WRIGHT & ARTHUR R.

MILLER, FEDERAL PRACTICE AND PROCEDURE ("Wright & Miller") § 2459 (2d ed. 1995).  A

party generally lacks standing to challenge a subpoena issued to a third party absent a claim of

privilege, proprietary interest, or personal interest in the subject matter.  *See Washington v.*

*Thurgood Marshall Academy*, 230 F.R.D. 18, 21 (D.D.C. 2005).

In this case, Defendants have made no showing in the ADP Motion of "privilege,

proprietary interest, or personal interest in the subject matter."  *Id.*  Without such a showing, a

party's opposition to a subpoena is more appropriately brought through a motion for a Rule 26(c)

protective order.  *See Thurgood Marshall Academy*, 230 F.R.D. at 22.  The Court will thus treat

the Defendant's Motion to Quash as a motion for a protective order, and will evaluate the motion

according to the standard in Rule 26.[6]  *See id.* (treating motion to quash as a motion for a Rule

26(c) protective order where the party had not established standing).

 Defendants hold the position that the ADP Subpoena is overly broad, unduly

burdensome and seeks information that is not relevant and not reasonably calculated to lead to

the discovery of admissible evidence.  Defendants argue that the Subpoena is overly broad and

unduly burdensome because two of the four requests do not contain time limits, and the other

two requests go beyond the time scope permitted by the FLSA claims period.  (ADP Mot. at 1-2.)

---

[6]Under the standard of Rule 26, the court employs a balancing test in order to determine whether to grant a
motion for protective order, weighing the burdensomeness to the moving party against the relevance of the
information sought and the requestor's need for it.  *See Jennings v. Family Mgmt.*, 201 F.R.D. 272, 275 (D.D.C.
2001) (citing *Lohrenz v. Donnelly*, 187 F.R.D. 1, 3 (D.D.C. 1999).  A trial court possesses broad discretion in
issuing a protective order and determining what degree of protection is required.  *Seattle Times Co. v. Rhinehart*,
467 U.S. 20, 36 (1984).

According to Defendants, the Subpoena potentially requires them to respond with documents dating back approximately ten years, to when Plaintiff first began working for Defendant Chreky. (*Id*. at 1.)  Plaintiff responds that the requests are not overly broad because the actual time period at issue is limited to two time periods of 6 months and 19 months.[7]  (ADP Opp'n at 6.)

Defendant offers no further explanation in the ADP Motion for its blanket assertion that the ADP Subpoena requests are not relevant and not reasonably calculated to lead to the discovery of admissible evidence.  Nevertheless, Plaintiff responds that the requests are relevant to her FLSA and DCWHA claims because they may provide evidence of time periods when she was not paid overtime and the amounts of overtime that she was not paid.  (ADP Opp'n at 3.) Plaintiff also argues that the requests may provide possible evidence related to her DCHRA claim of unlawful retaliation, regardless of whether the evidence is actionable under the FLSA. (*Id*. at 3, 5.)  Defendants filed no reply to the ADP Opposition.

As stated above, Defendants claim that the requests are unduly burdensome.  However, they fail to make any specific showing of *how* the requests are burdensome.  The burden of proving that a subpoena is oppressive or unreasonable rests upon the party moving to quash or modify.  *Northrop Corp. v. McDonnell Douglas Corp.*, 751 F.2d 395, 403 (D.C. Cir. 1984).  The moving party "cannot rely on a mere assertion that compliance would be burdensome."  Wright & Miller § 2459.  Additionally, the information requested in the ADP Subpoena is discoverable because it may provide details of time periods where Plaintiff was not paid overtime, as well as the amounts of overtime she was not paid.  Although some of this information may fall outside of

---

[7]Specifically, those time periods refer to those documents dating from September 1, 2003 to February 1, 2004, and from December 6, 2005 through the present.

the actionable time period of the FLSA, it could provide history of a pattern of discriminatory or

retaliatory behavior by Defendants for Plaintiff's DCHRA claim.

    For these reasons, the Court denies Defendants' ADP Motion.  As a result, ADP must

produce the requested payroll records from the time period of September 1, 2003 to February 1,

2004, in addition to the time period that Defendants have already agreed is permissible.

### B. Motion to Quash Subpoena of The Adams National Bank

    In their Bank Motion, Defendants assert that both requests made by Plaintiff in the Bank

Subpoena are overly broad and seek information that is not relevant and not reasonably

calculated to lead to the discovery of admissible evidence.  First, the Defendants contend that the

information is not relevant because none of Plaintiff's claims relate to fund transfers between

Defendants' accounts.  (Bank Mot. at 1.)  Plaintiff responds that the evidence is relevant because

it will provide evidence of Defendants' net worth, which is "highly important to the jury's

calculation of punitive damages."  (Bank Opp'n at 3.)  According to Plaintiff, punitive damages

are at issue in this case because eight out of nine of Plaintiff's claims are eligible for punitive

damages.  (*Id*. at 3.)

    Second, Defendants claim that the requests are overly broad and burdensome.  Plaintiff

responds that Defendants do not explain *why* the requests pose an undue burden on Defendant.

(Bank Opp'n at 5.)  Additionally, Plaintiff claims that the requests are not overly broad because

they are limited to the time period of September 1, 2003, to the present, and specifically target

documents that will show the financial condition of Defendants.  (*Id*. at 4.)  Defendants filed no

reply to the Bank Opposition.

    The Court agrees with Plaintiff's assertion that a defendant's net worth can be important

for the calculation of punitive damages.[8]  However, a document request for a sworn net worth statement from Defendants would be a more appropriate and less intrusive way to obtain this information than by going directly to the Bank.  The burden on the privacy interest of the Defendants outweighs any possible benefit of the subpoena.

For these reasons, the Court grants Defendants' Bank Motion.  As a result, The Adams National Bank does not need to produce any of the documents requested.

### IV. CONCLUSION

For the foregoing reasons, it is on this __11th__ day of June, 2007 hereby

**ORDERED** that Defendant Andre Chreky Salon's Amended Motion to Quash Subpoena [13] is **DENIED**; and it is

**FURTHER ORDERED** that Defendant Andre Chreky Salon's Motion to Quash Subpoena [14] is **GRANTED.**

**SO ORDERED.**

/s/
ALAN KAY
UNITED STATES MAGISTRATE JUDGE

---

[8]The goals of punitive damages are punishment and deterrence of a defendant's behavior, and not compensation for a plaintiff, and discovery of a defendant's net worth is relevant to determining the amount of punitive damages necessary to properly achieve these goals. *See Faison v. Nationwide Mortgage Corp.*, 839 F.2d 680, 691 (D.C. Cir. 1987).