IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RONNIE BARRETT,  )
 )
        Plaintiff,  )
 )
v.  )   C.A. No. 07-CV-0250
 )
ANDRE CHREKY, ET AL.  )
 )
        Defendants.  )
 )

**DEFENDANTS' MOTION TO QUASH SUBPOENA**

NOW COME Andre Chreky, Andre Chreky, Inc., and SPAC, LLC, (collectively "Defendants") and move to quash the attached third-party subpoenas served by Ronnie Barrett ("Ms. Barrett") on Fortress Global Investigations and Security and Vital Investigations.

Defendants move to quash one category of request made by Ms. Barrett in each of these subpoenas on the basis that they seek documents protected as litigation work product. In each, Ms. Barrett requests "All documents concerning or relating to all information obtained by [Global Investigations] [Vital Investigations] on behalf of Andre Chreky; Andre Chreky, Inc.; Andre Chreky Salon and Spa; SPAC, LLC; and/or their representatives, agents, or attorneys, from January 2000 to the present." Global Investigations and Vital Investigations have been retained by the law firm representing the Defendants in this matter. Accordingly, the information obtained in their investigation, conducted at the request of Defendants' counsel, is protected litigation work product.

For these reasons, Defendants respectfully request that the Court quash the attached subpoenas.

October 5, 2007                                            Respectfully submitted,

                                                                              /s/
                                                            John M. Bredehoft
                                                            D.C. Bar No. 375606
                                                            KAUFMAN & CANOLES, P.C.
                                                            150 West Main Street, Suite 2100
                                                            Norfolk, Virginia 23510
                                                            757-624-3225 (direct voice line)
                                                            757-624-3169 (facsimile)
                                                           jmbredehoft@kaufcan.com

                                                           Counsel for Defendants

::ODMA\PCDOCS\DOCSNFK\1263557\1

# KATZ, MARSHALL & BANKS, LLP

By Process Server
September 18, 2007

Andrew O'Connell
Fortress Global Investigations and Security
1101 Pennsylvania Avenue, 6th Floor
Washington, D.C. 20003

Re: Subpoena in Ronnie Barrett v. Andre Chreky, et al., No. D.D.C. 07-CV-0250 (RCL)

Dear Custodian of Records:

I represent Ronnie Barrett in the above-captioned case, pending before the District Court of the District of Columbia. Enclosed please find a subpoena issued to you in the above-captioned case. The subpoena requires production of the documents[1] identified in the attachment to the subpoena by October 8, 2007.

The subpoena does not require you to provide testimony. To produce documents in lieu of your appearance, you may simply provide copies of the documents — all records pertaining to Andre Chreky, Andre Chreky, Inc, or SPAC, LLC maintained by Fortress Global Investigations and Security offices — to Katz, Marshall & Banks, LLP, 1718 Connecticut Avenue, NW, 6th Floor, Washington, DC 20009 by 9 am on October 8, 2007.

The information sought is identified in Attachment A to this subpoena. We are willing to provide payment for reasonable costs of copying and sending the documents.

Thank you for your assistance.

Sincerely,

Ari Wilkenfeld /HF
Attorney for Ronnie Barrett

---

[1] "Documents" shall mean every writing of every type and description, and every other instrument or device by which, through which, or on which information has been recorded, preserved, or transmitted, including but not limited to memoranda, notes, letters, drawings, files, graphs, charts, maps, photographs, agreements, contracts, telephone messages, handwritten notes, diaries, logs, calendars, ledgers, studies, data sheets, computations, calculations, accounting(s), financial statements, tax forms, voice recordings, medical records, computer tapes or disks, and other data compilations.

≡AO88 (Rev. 12/06) Subpoena in a Civil Case

# Issued by the
# UNITED STATES DISTRICT COURT

DISTRICT OF     Columbia

Ronnie Barrett

V.

Andre Chreky, et al

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] D.D.C. 07-CV-0250 (RCL)

TO:   Andrew J. O'Connell
        Fortress Global Investigations and Security
        1101 Pennsylvania Avenue, 6th Floor
        Washington, DC 20003

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  |  |

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Attachment A

| PLACE | DATE AND TIME |
|---|---|
| Katz, Marshall & Banks, LLP<br>1718 Connecticut Avenue NW, 6th Floor Washington, DC 20009 | 10/8/2007 9:00 am |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| [signature] Partner | 9/17/2007 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Ari Wilkenfeld, Esq, Katz, Marshall & Banks, LLP, 1718 Conn. Ave. N.W. 6th Floor, Wash. DC 20009, (202) 299-1140

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 12/06) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.
  (1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.
  (2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.
     (B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.
  (3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
     (i) fails to allow reasonable time for compliance;
     (ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;
     (iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or
     (iv) subjects a person to undue burden.
    (B) If a subpoena
     (i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
     (ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
     (iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.
  (1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
     (B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.
     (C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.
     (D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
  (2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.
     (B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

## Attachment A

Please produce:

1) All contracts or any other documents concerning the provision of any services by Fortress Global Investigations and Security to Andre Chreky; Andre Chreky, Inc.; Andre Chreky Salon and Spa; SPAC, LLC; and/or their representatives, agents, or attorneys, from January 2000 to the present.

2) All documents concerning the particular procedures, techniques, strategies, and tactics utilized by Fortress Global Investigations and Security on behalf of Andre Chreky; Andre Chreky, Inc.; Andre Chreky Salon and Spa; SPAC, LLC; and/or their representatives, agents, or attorneys, from January 2000 to the present.

3) All documents concerning or relating to all information obtained by Fortress Global Investigations on behalf of Andre Chreky; Andre Chreky, Inc.; Andre Chreky Salon and Spa; SPAC, LLC; and/or their representatives, agents, or attorneys, from January 2000 to the present.

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Subpoena to Andrew O'Connell, Fortress Global Investigations and Security, was served on counsel for Defendants by electronic mail September 18, 2007 and by First Class Mail this 18th day of September, 2007, to:

John Bredehoft, Esquire
David Sullivan, Esquire
Kaufman & Canoles
Suite 2100
150 West Main Street
Norfolk, VA 23510

Ari M. Wilkenfeld

# KATZ, MARSHALL & BANKS, LLP

By Process Server
September 20, 2007

Anna Mass
Vital Investigations
2022 Columbia Road, N.W.
Suite 511
Wash., D.C. 20009

Re: Subpoena in Ronnie Barrett v. Andre Chreky, et al., No. D.D.C. 07-CV-0250 (RCL)

Dear Ms. Mass:

I represent Ronnie Barrett in the above-captioned case, pending before the District Court of the District of Columbia. Enclosed please find a subpoena issued to you in the above-captioned case. The subpoena requires production of the documents[1] identified in the attachment to the subpoena by October 10, 2007.

The subpoena does not require you to provide testimony. To produce documents in lieu of your appearance, you may simply provide copies of the documents — all records pertaining to Andre Chreky, Andre Chreky, Inc, or SPAC, LLC maintained by Vital Investigations — to Katz, Marshall & Banks, LLP, 1718 Connecticut Avenue, NW, 6th Floor, Washington, DC 20009 by 9 am on October 10, 2007.

The information sought is identified in Attachment A to this subpoena. We are willing to provide payment for reasonable costs of copying and sending the documents.

Thank you for your assistance.

Sincerely,

Ari Wilkenfeld
Attorney for Ronnie Barrett

---

[1] "Documents" shall mean every writing of every type and description, and every other instrument or device by which, through which, or on which information has been recorded, preserved, or transmitted, including but not limited to memoranda, notes, letters, drawings, files, graphs, charts, maps, photographs, agreements, contracts, telephone messages, handwritten notes, diaries, logs, calendars, ledgers, studies, data sheets, computations, calculations, accounting(s), financial statements, tax forms, voice recordings, medical records, computer tapes or disks, and other data compilations.

AO88 (Rev. 12/06) Subpoena in a Civil Case

## Issued by the
## UNITED STATES DISTRICT COURT

DISTRICT OF      Columbia

Ronnie Barrett

V.

Andre Chreky, et al

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] D.D.C. 07-CV-0250 (RCL)

TO: Anna Mass, Vital Investigations
2022 Columbia Road, N.W.
Suite 511
Washington, D.C. 20009

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  |  |

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Attachment A

| PLACE | DATE AND TIME |
|---|---|
| Katz, Marshall & Banks, LLP<br>1718 Connecticut Avenue, N.W. 6th Floor, Washington, D.C. 20009 | 10/10/2007 9:00 am |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| /s/ AW  Partner | 9/20/2007 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Ari Wilkenfeld, Esq., Katz, Marshall & Banks, LLP, 1718 Conn. Ave. N.W. 6th Floor, Wash. DC 20009, (202) 299-1140

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 12/06) Subpoena in a Civil Case

| | PROOF OF SERVICE | |
|---|---|---|
| | DATE | PLACE |
| SERVED | | |
| SERVED ON (PRINT NAME) | | MANNER OF SERVICE |
| SERVED BY (PRINT NAME) | | TITLE |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.
(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.
(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.
(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.
(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;
(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) If a subpoena
(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.
(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.
(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.
(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.
(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

## Attachment A

Please produce:

1) All contracts or any other documents concerning the provision of any services by Vital Investigations to Andre Chreky; Andre Chreky, Inc.; Andre Chreky Salon and Spa; SPAC, LLC; and/or their representatives, agents, or attorneys, from January 2000 to the present.

2) All documents concerning the particular procedures, techniques, strategies, and tactics utilized by Vital Investigations on behalf of Andre Chreky; Andre Chreky, Inc.; Andre Chreky Salon and Spa; SPAC, LLC; and/or their representatives, agents, or attorneys, from January 2000 to the present.

3) All documents concerning or relating to all information obtained Vital Investigations on behalf of Andre Chreky; Andre Chreky, Inc.; Andre Chreky Salon and Spa; SPAC, LLC; and/or their representatives, agents, or attorneys, from January 2000 to the present.

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Subpoena to Anna Mass, Vital Investigations, was served on counsel for Defendants by electronic mail September 20, 2007 and by First Class Mail this 20th day of September, 2007, to:

John Bredehoft, Esquire
David Sullivan, Esquire
Kaufman & Canoles
Suite 2100
150 West Main Street
Norfolk, VA 23510

Ari M. Wilkenfeld

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RONNIE BARRETT,                )<br>                                            )<br>            Plaintiff,              )<br>                                            )<br>v.                                         )      C.A. No. 07-CV-0250<br>                                            )<br>ANDRE CHREKY, ET AL.       )<br>                                            )<br>            Defendants.         )<br>                                            ) | |

### ORDER GRANTING DEFENDANTS MOTION TO QUASH SUBPOENA

THIS MATTER came to be heard on the Motion of defendants, Andre Chreky, *et al*, seeking to partially quash two third-party subpoenas served by plaintiff Ronnie Barrett on Fortress Global Investigations and Security and Vital Investigations.

It appears to the Court that Defendants should be entitled to partially quash these subpoenas, as requested, because the subpoenas seek protected litigation work product. Only those documents requested in categories (1) and (2) of Attachment A to the subpoenas shall be subject to production; documents requested in category (3) of Attachment A shall not be subject to production, as such documents are protected litigation work product.

The Motion to Quash, therefore, is GRANTED, and it is ORDERED that production of documents under the terms of plaintiff Ronnie Barrett's third-party subpoenas to Fortress Global Investigations and Security and Vital Investigations be limited as described in this ORDER.

DATE:                                             ENTER:

_____                               _____
                                                  UNITED STATES JUDGE