IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RONNIE BARRETT,              )
                             )
    Plaintiff,                )
                             )
        v.                   )    Civil No. 1:07-cv-250
                             )
ANDRE CHREKY, et al.,         )
                             )
    Defendants.               )

FILED
NOV 29 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## PROTECTIVE ORDER

The Court having found that the parties may be required to produce, during the course of discovery proceedings, documents or other information which may be of a confidential nature, it is hereby ORDERED as follows:

1.  This Protective Order authorizes attorneys for any party producing documents to designate confidential documents or confidential portions of the following documents, information, or other material ("documents") as Confidential and subject to the provisions of this Order:

    a. Corporate information, including but not limited to financial information, information listing or regarding customers and/or potential customers, prospect lists, employees, policies, business plans, software, pricing information, marketing information, sales records, sales history, trade secrets and sales strategies; and

    b. Documents that contain proprietary or commercially sensitive and/or otherwise confidential, private, or personal material, including but not limited to documents regarding customers, potential customers, and/or employees, w-2 forms and tax returns.

2. The parties and counsel in this action receiving information designated as "Confidential" shall not disclose, make available or communicate such information to any person not a party other than as follows:

a. Counsel may disclose such information to other counsel of record, including all partners and associates for said counsel's law firm and all law clerks, paralegal assistants, secretaries, stenographic and clerical employees thereof; and

b. Counsel may disclose such information to any person who is identified as the preparer or recipient of any "Confidential" document;

c. Counsel may disclose such information to any person who is retained as an expert witness in this matter. The provisions of paragraph 3(c) shall control such disclosure;

d. Counsel may disclose such information to any court reporter retained by any party in this case. The provisions of paragraph 3(c) shall control such disclosure.

e. For the purposes of this paragraph 2, the parties to this action shall be defined as follows: the defendants in this matter are Andre Chreky, the Andre Chreky Salon, Inc., and SPAC, LLC, which shall include Andre Chreky, Serena Chreky; the plaintiff in this matter is Ronnie Barrett, and she shall be the only person considered as such for the purposes of this paragraph 2.

3. a. Should a qualified person find it necessary in preparation for trial of this action to disclose "Confidential" documents or information to persons other than the qualified persons described in paragraph 2 above, each such person shall, prior to receiving such documents or information, be provided with a copy of this Order and be advised that this Order governs the use of all "Confidential" information, and shall agree to abide by the terms of this Order and shall sign a copy of this Order.

b. Within three days of the close of the discovery period in this matter, counsel for the parties shall serve upon opposing counsel (i) a list of all persons, if any, to whom he or

2

she (or anyone associated with his or her law firm or otherwise acting on his or her behalf) provided "Confidential" documents or information pursuant to paragraph 3(a) above, and (ii) any and all signed copies of this Order obtained pursuant to paragraph 3(a) above. Such list shall identify any and all such person(s) and, for each such person, shall include the person's address, present employment and a description of the Confidential information disclosed.

4. All persons to whom any disclosed "Confidential" information or documents are disclosed or given shall maintain the confidentiality of that information or documents and shall not disclose the information or documents or its contents to anyone not authorized to receive the same pursuant to this Order.

5. Should any documents designated as "Confidential" be attached to any affidavits, answers to interrogatories, deposition transcripts, briefs, memoranda or other papers to be filed with the Court, such papers shall be filed with the Clerk of the Court under seal, to be made available only to the Court, Court personnel, and persons otherwise bound by this Protective Order, unless otherwise ordered by this Court.

6. Any summary or copy of any "Confidential" document shall be subject to the terms of this Protective Order to the same extent as the document from which summary or copy is made.

7. Upon final termination of this action, all information, materials and other documents designated "Confidential" including any summaries or copies thereof, shall be promptly returned to the producing party, unless there is a court order, agreement or motion, holding that such information shall not be returned to the producing party. The terms of this Protective Order shall survive the final termination of this action and shall continue to bind the parties.

8. Nothing contained in this Protective Order shall be construed to prejudice any parties' right to use in open court any document designated herein as "Confidential," though such documents shall be filed under seal if admitted into evidence.

9. This Order is intended to provide a mechanism for the handling of confidential information and documents regarding which there is no objection to the disclosure or production. The parties reserve the right to object to any disclosure of information or production of documents they deem confidential on any grounds they may deem appropriate, including without limitation, confidentiality or relevance. The failure to designate information in accordance with this Order and the failure to object at a given time shall not preclude subsequent designation or objection to designation of such information as confidential.

10. If, during any deposition taken in this action any information or document designated "Confidential" is to be disclosed, persons other than the deponent, court reporter, or person identified in paragraph 2 above, shall be excluded from the room while the "Confidential" document is being discussed. All information disclosed in and any transcripts made of such depositions shall be treated in accordance with restrictions set forth in this Order. The deponent, each court or deposition reporters, and any qualified person described in paragraph 2 above in attendance at such deposition shall, prior to the commencement of that deposition or the disclosure of such information, be given a copy of this Order and shall agree to abide by its terms.

11. Maintenance of the confidential status of any information or document shall be subject to further Order of this Court, and nothing herein shall preclude any party from applying to the Court for any modification of this Protective Order as may be appropriate or from challenging the designation of any documents as "Confidential." Should a party object to the designation of material as "Confidential," that party shall promptly give written notice of such objection to the other party. Counsel shall then confer to attempt to resolve such objections. If

4

no reasonable resolution is reached, the party objecting to such designation may apply to this Court for a ruling whether the material in question should be treated as "Confidential" under this Order. Pending a ruling or an Order of Court with respect to a disputed item, document, or information, such item, document, or information shall be presumed to contain confidential information and be handled in accordance with the provisions hereof. A dispute as to confidentiality of an item, document, or information, alone, shall not be grounds for delay or for a refusal to permit discovery; provided, however, that during the pendency of a disputing party's motion, such item, document or information shall be handled in accordance with the provisions hereof.

12.     The use of any document encompassed within and protected by the terms of this Protective Order shall be restricted to this proceeding. Disclosure of any information protected by any prior agreement between the parties shall be designated as "Confidential" and, as long as such information is so designated, shall not constitute a breach of any prior agreement between the parties.

13.     Counsel for the parties shall take reasonable precautions to maintain the confidentiality items, documents, or information marked "Confidential" or to seal such item, documents, or information from public view consistent with the intent and spirit of this agreement in connection with any filing in the Court, any deposition or any hearing in this matter in accordance with the provisions set forth in Paragraphs 5 and 10. In the event that an item, document, or information is believed to be "Confidential" but is not filed under seal, the aggrieved party may request orally or in writing that such item, document, or information be immediately placed under seal under further order of the Court, and such item, document, or information shall immediately be placed under seal.

14. At the conclusion of the litigation, all information marked "Confidential" and not received in evidence shall be returned to the producing party. If the parties so stipulate, the material may be destroyed instead of being returned.

ENTERED this 29th day of ~~October~~ November, 2007.

_____
Royce C. Lamberth
Judge

WE ASK FOR THIS:

_____
Debra S. Katz, Esq.
Ari M. Wilkenfeld, Esquire
Justine F. Andronici, Esq.
Katz, Marshall & Banks, LLP
1718 Connecticut Avenue, N.W.
Sixth Floor
Washington, DC 20009

Counsel for Plaintiff
Ronnie Barrett


WE ASK FOR THIS:

_____
John M. Bredehoft, Esq.
KAUFMAN & CANOLES, P.C.
150 West Main Street, Suite 2100
Norfolk, Virginia 23510
757-624-3225 (direct voice line)
757-624-3169 (facsimile)
jmbredehoft@kaufcan.com

Counsel for Defendants
Andre Chreky
Andre Chreky Salon, Inc.
SPAC, LLC

6

Name _____    Date _____

Name _____    Date _____

Name _____    Date _____

Name _____    Date _____

Name _____    Date _____

Name _____    Date _____

Name _____    Date _____

::ODMA\PCDOCS\DOCSNFK\1218437\1