UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **RONNIE BARRETT,** | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No. 1:07-250 (RCL) |
| **ANDRE CHREKY**, *et al.*, | ) ) ) | |
| Defendants. | ) ) | |

**MEMORANDUM OPINION AND ORDER**

Now before the Court comes plaintiff Ronnie Barrett's Motion [31] for Leave to File an Amended Complaint pursuant to Federal Rule of Civil Procedure 15(a) ("Rule 15"). Defendants, Andre Chreky Salon, Andre Chreky and SPAC, L.L.C., oppose this motion. Upon full consideration of the motion, opposition brief, reply, the entire record herein, and applicable law, the Court finds that the Motion [31] for Leave to File an Amended Complaint will be DENIED.

**I. BACKGROUND**

Plaintiff, Ronnie Barrett, comes before this Court seeking leave to file an amended complaint. Plaintiff's suit names three defendants: Andre Chreky ("Mr. Chreky"), Andre Chreky Salon (the "Salon"), and SPAC, L.L.C. ("SPAC") (collectively, "Defendants"), on a number of matters. Plaintiff is a former employee of the Salon. In her underlying suit before the Court, plaintiff alleges violations of the Fair Labor Standards Act of 1963 ("FLSA"), the D.C. Wage and Hour Act ("WHA"), the D.C. Wage Payment and Collection Act ("WPCA"), and the D.C. Human Rights Act ("DCHRA"), conversion, breach of contract, and negligence. Specifically,

plaintiff claims that defendants did not compensate her for all hours worked and did not pay her overtime rates for hours worked in excess of forty hours per week. Plaintiff further alleges that Mr. Chreky and the Salon subjected plaintiff to unwanted sexual comments, touches, and physical attacks. In addition, plaintiff alleges that Mr. Chreky and the Salon confiscated and retained money that plaintiff earned in tips. Plaintiff filed the Motion for Leave to File an Amended Complaint in order to expand factual content.

Plaintiff filed her Motion for Leave to File an Amended Complaint on January 11, 2008, seeking an order. (*See* Pl.'s Mot. [31] for Leave to File at 14.) The proposed amended complaint only differs from the original complaint in that it adds three categories of factual information designed to compliment the causes of action of the original complaint. (*See* Pl.'s Proposed [31-2] Am. Compl. ¶¶ 56-88).

## II. ANALYSIS

### A. Legal Standard

Federal Rule of Civil Procedure 15(a) grants "a plaintiff an absolute right to amend its complaint once at any time before the defendant has filed a responsive pleading." *James v. Hurson Assocs., Inc. v. Glickman*, 229 F.3d 277, 282-83 (D.C. Cir. 2000). Other amendments require either defendant's consent or leave of court. *See* FED. R. CIV. P. 15(a)(2). In such situations, a court "should freely give leave when justice so requires." *Id.* "If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Foman v. Davis*, 371 U.S. 178, 182 (1962). However, it is within a court's discretion to deny leave to amend for "sufficient reason,

such as 'undue delay, bad faith, [ ] dilatory motive . . . repeated failure to cure deficiencies by [previous] amendments . . . [or] futility of amendment.'" *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996) (*quoting Foman*, 371 U.S. at 182)); *see Willoughby v. Potomac Elec. Power Co.*, 100 F.3d 999, 1003 (D.C. Cir. 1996) (finding no abuse of discretion when district court denied leave to amend because additional claim would have been futile). A court may deny a motion to amend as futile "if the proposed claim would not survive a motion to dismiss." *James Madison Ltd. by Hecht v. Ludwig*, 82 F.3d 1085, 1099 (D.C. Cir. 1996) (*citing Foman*, 371 U.S. at 181–82).

### B. Leave to File an Amended Complaint Shall be Denied.

Defendants argue that leave should not be granted because Plaintiff's amendments are futile and in bad faith. (*See* Defs.' Opp'n [35] at 1-2.) This Court disagrees. The Court finds the Plaintiff without standing for amendments containing alleged violations of 37 D.C. Reg §§ 3702, 3727. Accordingly, leave is DENIED. (Pl.'s Proposed [31-2] Am. Comp. ¶¶ 68-75.) Leave for Plaintiff's remaining amendments are also DENIED because they are not proper subjects for relief. (Pl.'s Proposed [31-2] Am. Comp. ¶¶ 56-67, 76-88.)

#### 1. Plaintiff Lacks Standing for Violations of 37 D.C.Reg §§ 3702, 3727.

For a plaintiff to have individual standing, "[t]he plaintiff must show that the conduct of which [it] complains has caused [it] to suffer an 'injury in fact' that a favorable judgement will redress." *Black Farmers and Agriculturists Ass'n v. Veneman*, No. Civ.A. 04-1561, 2005 WL 711821, at *1 (D.D.C. March 29, 2005) (*citing Elk Grove Unified Sch. Dist. v. Newdow*, 542 U.S. 1, 124 S.Ct. 2301, 2308, 159 L. Ed. 2d 98 (2004)); *see also Kasprzak v. American Gen. Life*

*& Accident Ins. Co.*, 942 F.Supp. 305 (E.D. Tex. 1996) (*citing Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)). But Plaintiff has not asserted that she was unlicensed under 37 D.C.Reg §§ 3702, 3727. (*See* Pl.'s Mot. [31] for Leave at 4-6.) Furthermore, Plaintiff has not asserted an "injury in fact" caused by Defendants' alleged violations of 37 D.C.Reg. §§ 3702, 3727. (*Id.*) Because Plaintiff has not established that, she was unlicensed under 37 D.C.Reg §§ 3702, 3727, or an "injury in fact," this Court finds the Plaintiff lacks standing to include these violations. Accordingly leave for amendments containing information regarding violations of 37 D.C.Reg §§ 3702, 3727 contained in Plaintiff's Proposed Amended Complaint will be DENIED. (Pl.'s Proposed [31-2] Am. Comp. ¶¶ 68-75.)

### 2. Plaintiff's Amendments Alleging Internal Revenue Code Violations and Obstruction of Justice are not Proper Subjects of Relief.

In order for the plaintiff to file an amended complaint, the amendments must be proper subjects of relief. In *Foman*, the United States Supreme Court stated:

> Of course, the grant or denial of an opportunity to amend is within the discretion of the [d]istrict [c]ourt, but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules.

*Foman*, 371 U.S. at 182. In general, denial of leave should only be granted for undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, or futility. *Id.* But the Supreme Court prefaced that notion with an important caveat:

> Rule 15(a) declares that leave to amend 'shall be freely given when justice so requires'; this mandate is to be heeded. If the underlying facts or circumstances relied upon by the plaintiff *may be a proper subject of relief*, he ought to be afforded an opportunity to test his claim on the merits.

*Foman*, 371 U.S. at 182 (internal citations omitted) (emphasis added); *See also* 3 *Moore's Federal Practice* § 15.08, 15.10 (2d ed. 1948); 35A C.J.S. *Fed. Civ. P.* § 412 ("[Rule 15(a)] permits a trial court to deny leave to file an amended complaint which would be subject to immediate dismissal for failure to state viable claim of relief."). Therefore, proposed amendments must first prove to be a "proper subject of relief" before a court grants leave to file an amended complaint.

Further, the court's discretion to grant leave is to be made on a case by case basis, while considering its duty to properly manage the case. *See Dove v. Washington Metro. Area Transit Authority*, 221 F.R.D. 246, 247 (D.D.C. 2004) (quoting *Harris v. Sec'y, United States Dep't of Veterans Affairs*, 126 F.3d 339, 343 (D.C. Cir 1997)) ("[Rule 15(a)] instructs the [d]istrict [c]ourt to determine the propriety of amendment on a case by case basis."); *Shivangi v. Dean Witter Reynolds, Inc.*, 825 F.2d 885, 891 (5th Cir. 1987) ([Rule 15(a)]'s "generous standard is tempered by the necessary power of a district court to manage a case" ).

Tangential factual assertions marginally related to the plaintiff's claims are not the "proper subjects of relief" contemplated by the Supreme Court in *Foman*. Agreeing with the defendants, this Court finds that there exist no provisions for private relief under 26 U.S.C. § 3121(a)(12)(b), 26 U.S.C. § 3401(a)(16)(b), or for obstruction of justice. Alternatively, the plaintiff argues that, "[i]n the same way that Defendants violated [the plaintiff's] civil rights . . . so too have the Defendants disregarded a myriad of laws, statutes, regulations and ordinances governing the opposition of their business." (Pl.'s Mot. [31] at 1-2.) But the violations of the various "laws, statutes, regulations and ordinances governing the opposition of their business" are not elements of any of the plaintiff's claims. Neither the underlying facts nor the

circumstances relating to possible violations of 26 U.S.C. § 3121(a)(12)(b), 26 U.S.C. § 3401(a)(16)(b), or for obstruction of justice support any tenet of the plaintiff's underlying claims.

Further, the plaintiff has stated the she does not seek to add any new claims to her first amended complaint. (Pl.'s Reply [37] at 2.) Instead, the plaintiff "seeks to add factual allegations that relate back to allegations in the original Complaint which provide the factual support for [plaintiff's] causes of action." (*Id*.) Plaintiff's factual information contained within her proposed amendments may be akin to her original claims in abstract generalities, but these similarities alone do not make the amendments a proper subject of relief. Plaintiff has not provided for any possibility under which her proposed amendments may be proper subjects of relief; therefore, leave to file these proposed amendments will be denied.

In addition, the Federal Rules of Civil Procedure require only a "short and plain statement of the claim showing that the pleader is entitled to relief" *See* Fed. R. Civ. P. 8(b)(1) (2008). The defendants accurately imply that the proposed amended complaint [31-2] is not the "short and plain statement" required by the Federal Rules. (Defs.' Opp'n [35] at 1-2.) This Court agrees. Therefore, for the purpose of the plaintiff's complaint, these amendments are unnecessary and contrary to Federal Rule 8(b)(1)'s "short and plain statement" requirement.

The proposed amendments sought by the plaintiff's motion [31] for leave to file an amended complaint do not constitute a proper subject of relief. Further, permitting the plaintiff to file her proposed amendments would be contrary to Federal Rule of Civil Procedure 8(b)(1)'s "short and plain statement" requirement. *See* Fed. R. Civ. P. 8(b)(1) (2008). Therefore, plaintiff's motion [31] for leave to file an amended complaint will be denied.

### III.  CONCLUSION AND ORDER

Upon full consideration of the motion, defendants' opposition, the entire record herein, and applicable law, it is hereby, for the reasons set forth above,

ORDERED that plaintiff's Motion [31] for Leave to file an Amended Complaint is DENIED.

SO ORDERED.

Signed by United States District Judge Royce C. Lamberth, July 30, 2008.